1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EDWARD TERRELL

11            Plaintiff,                    No. 2:12-cv-1405 CKD P

12        vs.

13    KEVIN GUEST, et al.,

14            Defendants.              ORDER

15    _____/

16            Plaintiff, a state prisoner, proceeds pro se seeking relief pursuant to 42 U.S.C.

17    § 1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19            Plaintiff has submitted a declaration that makes the showing required by 28

20    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24    § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

25    month's income credited to plaintiff's prison trust account.  These payments shall be collected

26    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

1    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         The court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain

16   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

17   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

18   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

20   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

21   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

22   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

23   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

24   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

25   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

26   Rhodes, 416 U.S. 232, 236 (1974).

1    Turning to plaintiff's complaint, a problem with the legal basis for each of his

2 claims is apparent.  His allegations against his parole officer, defense attorney, and the sheriff

3 either call into question the validity of his confinement on a past conviction and sentence (counts

4 one and two) or the validity of a conviction and sentence which plaintiff appears to still be

5 serving (counts three, four and five).  Each count, therefore, appears to be barred by Heck v.

6 Humphrey, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly

7 unconstitutional conviction or imprisonment, or for other harm caused by actions whose

8 unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

9 the conviction or sentence has been [set aside].  A claim for damages bearing that relationship to

10 a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").  In

11 Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming

12 that state and county officials violated his constitutional rights, he sought damages for

13 improprieties in the investigation leading to his arrest, for the destruction of evidence, and for

14 errors during trial.  The United States Supreme Court affirmed the Court of Appeal's dismissal of

15 the complaint, holding:

16        in order to recover damages for allegedly unconstitutional
          conviction or imprisonment, or for other harm caused by actions
17        whose unlawfulness would render a conviction or sentence invalid,
          a § 1983 plaintiff must prove that the conviction or sentence has
18        been reversed on direct appeal, expunged by executive order,
          declared invalid by a state tribunal authorized to make such
19        determination, or called into question by a federal court's issuance
          of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
20        bearing that relationship to a conviction or sentence that has *not*
          been so invalidated is not cognizable under 1983.

21

22 Id. at 486.  Plaintiff makes no showing that his underlying conviction or sentence was reversed,

23 expunged, or otherwise invalidated; in fact, he does not identify the underlying conviction at

24 issue.

25        In order to seek to invalidate or reverse his conviction or to obtain a new trial,

26 plaintiff, as a petitioner, would have to pursue a petition for writ of habeas corpus:

1
2
3
4
5

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

6   Muhammad v. Close, 540 U.S. 749, 750 (2004 (per curiam).

7   In other words, plaintiff, as a petitioner, "may challenge the validity of his arrest,

8   prosecution, and conviction only by writ of habeas corpus." Id.  Plaintiff may only proceed in

9   this action for money damages if he can demonstrate that the underlying state court judgment

10   against him has been expunged, dismissed, or otherwise invalidated.  Accordingly, the complaint

11   must be dismissed but plaintiff will be granted leave to amend.

12   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13   conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v.

14   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

15   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

16   is some affirmative link or connection between a defendant's actions and the claimed

17   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

18   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

19   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

20   Regents, 673 F.2d 266, 268 (9th Cir. 1982).[1]

21

22   [1] Plaintiff has attempted to name each individual, non-entity defendant in his official capacity. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Unless waived, the
23   Eleventh Amendment bars a federal court award of damages under § 1983 against a state, state agency, or state official sued in an official capacity. Quern v. Jordan, 440 U.S. 332, 342 (1979).
24   Moreover, neither a state nor a state official sued in an official capacity for monetary damages is a "person" for purposes of a § 1983 damages action. Will v. Michigan Dept. of State Police, 491
25   U.S. 58, 71 (1989).  Therefore, even if a state waives its Eleventh Amendment immunity in federal court, Will precludes a damages action against the state government entity or a state
26   official sued in an official capacity for monetary damages. Id.

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 8) is

10  granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  The fee shall be collected and paid in accordance with this court's order to the Director of the

13  California Department of Corrections and Rehabilitation filed concurrently herewith.

14    3.  Plaintiff's complaint is dismissed.

15    4.  Plaintiff is granted thirty days from the date of service of this order to file an

16  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

17  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

18  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

19  an original and two copies of the amended complaint; failure to file an amended complaint in

20  accordance with this order will result in a recommendation that this action be dismissed.

21   Dated: September 20, 2012

22
_____
23  CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

24  8
terr1405.14a.new

25

26

5