1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD TERRELL

11              Plaintiff,                    No. 2:12-cv-1405 CKD P

12        vs.

13   KEVIN GUEST, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief

17   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by Local Rule

18   302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to jurisdiction by a United States

19   Magistrate Judge.

20        On September 20, 2012, plaintiff's original complaint was dismissed with leave to

21   amend as his claims alleged therein against his parole officer, defense attorney, and the sheriff

22   were found to be barred by the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

23        Plaintiff has filed a first amended complaint.  (Dkt. No. 13.)  The court will screen

24   the first amended complaint for claims that are legally "frivolous or malicious," that fail to state a

25   claim upon which relief may be granted, or that seek monetary relief from a defendant who is

26   immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

19 Rhodes, 416 U.S. 232, 236 (1974).

20    Plaintiff's first amended complaint contains allegations only against Tim

21 Garrigan, his defense attorney.  Plaintiff alleges in a single ground for relief that he was denied

22 his fundamental right to present a defense based on his trial counsel's deficient performance, and

23 in particular by counsel's failure to investigate and failure to correctly advise plaintiff regarding

24 his decision whether to testify at trial.  (Dkt. No. 13 at 3.[1])  Plaintiff requests that damages be

25 

26 
_____

[1] The court references the page numbers assigned by the court's CM/ECF system.

1   awarded.  (Id. at 4.)

2          Plaintiff's claim against his defense attorney is barred by the rule of Heck v.

3   Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has *not*
> been so invalidated is not cognizable under § 1983.

10  Heck, 512 U.S. at 486-87.

11         Here, were plaintiff to succeed in his claim, an award of damages would

12  "necessarily imply the invalidity" of his sentence.  Id. at 487.  Thus his claim is barred by Heck

13  unless and until plaintiff's conviction and/or sentence has been invalidated.  The United States

14  Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and
> a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as
> amended, 42 U.S.C. 1983.  Challenges to the validity of any
> confinement or to particulars affecting its duration are the province
> of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct.
> 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on
> circumstances of confinement may be presented in a § 1983 action.

20  Muhammad v. Close, 540 U.S. 749, 750 (2004 (per curiam).

21         In other words, plaintiff, as a petitioner, "may challenge the validity of his arrest,

22  prosecution, and conviction only by writ of habeas corpus."  Muhammad, 540 U.S. at 750.

23  Plaintiff may proceed in an action for money damages only if he can demonstrate that the

24  underlying state court judgment against him has been expunged, dismissed, or otherwise

25  invalidated, which he cannot do at this time.

26  /////

1    Accordingly, the first amended complaint must be dismissed.  Moreover, it

2    appears that further leave to amend would be futile.  However, the dismissal will be without

3    prejudice to plaintiff reasserting his claim for damages in a new action if and when a civil rights

4    cause of action accrues based on plaintiff's underlying conviction being expunged, dismissed, or

5    otherwise invalidated.  See Edwards v. Balisok, 520 U.S. 641, 649 (1997).

6    In accordance with the above, IT IS HEREBY ORDERED that:

7    1.  Plaintiff's first amended complaint (Dkt. No. 13) is dismissed without

8    prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be

9    granted.

10    2.  The Clerk is directed to close this case.

11    Dated: January 25, 2013

12

13    CAROLYN K. DELANEY
       UNITED STATES MAGISTRATE JUDGE

14

15    8

16    terr1405.14b.amd

17

18

19

20

21

22

23

24

25

26